IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY A. MASCIANTONIO, | ) | Case No. 3:21-cv-176 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| AGENT, IDA MIKULA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Anthony A. Masciantonio ("Plaintiff") has filed a complaint seeking "a refund of a tax credit" from the United States of America ("the Government") and Internal Revenue Service ("IRS") Agent Ida Mikula ("Agent Mikula") (ECF No. 1 at 1). The Government has filed a motion to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 5). For the following reasons, the Court **GRANTS** the Government's motion at ECF No. 5 under Rule 12(b)(1).

I.      BACKGROUND

The present action is the most recent in a series brought by Plaintiff against the Government before this Court regarding Plaintiff's tax liabilities for 2010 and 2011.[1]  On June 1, 2021, a United States Tax Court entered a stipulated decision (signed by Plaintiff) finding that Plaintiff owed the Government $21,398.00 plus $4,279.60 in penalties for tax

---

[1] These actions include the following: *Masciantonio v. United States*, No. 3:12-MC-39; *Masciantonio v. United States*, No. 3:13-MC-50; *Masciantonio v. United States*, No. 3:14-MC-26; *Masciantonio v. United States*, No. 3:14-CV-35; *Masciantonio v. United States*, No. 3:16-CV-76; and *Masciantonio v. United States*, No. 3:19-CV-203.

year 2010, and $7,833.00 plus $1,566.60 in penalties for tax year 2011.  (ECF No. 6-1 at 1).

On August 27, 2021, Plaintiff filed a complaint pro se in the Cambria County Magisterial

District Court seeking "$15,843.35 in a tax credit" from the IRS for tax years 2010 and 2011.

(ECF No. 1-1).[2]  Specifically, Plaintiff demands a refund of $11,944.40 for tax year 2010 and

$3,901.95 for tax year 2011.  (*Id.* at 3).  Plaintiff also named Agent Mikula as a defendant in

his complaint, seeking from her "a minimum amount of $12,000 plus costs[.]" (*Id.*).  Plaintiff

does not specify the legal bases under which he brings his claims against either the

Government or Agent Mikula.  (*See id.*).

On October 5, 2021, the Government removed this action to the United States District

Court for the Western District of Pennsylvania.  (ECF No. 1).  The Government filed a Notice

of Substitution on December 7, 2021, (ECF No. 4), which the Court approved on December

9, 2021.  (ECF No. 7).  The Court's order at ECF No. 7 substituted the Government for Agent

Mikula as to any Federal Tort Claim Act ("FTCA") claim brought against Agent Mikula in

her official capacity.  (*Id.*).

On October 7, 2021, the Government moved for dismissal of Plaintiff's complaint

under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 5).[3]  Plaintiff filed a

---

[2] Plaintiff's action in the Cambria County Magisterial District Court is docketed as Case No. MJ-47101-CV-0000050-2021.

[3] The Government also filed a brief in support of its motion to dismiss.  (ECF No. 6).

timely response to the Government's motion to dismiss on December 16, 2021.  (ECF No. 8).

## II.     LEGAL STANDARD

Although the Government moves to dismiss Plaintiff's complaint under both Rules 12(b)(1) and 12(b)(6), the Court will resolve this motion under Rule 12(b)(1) alone.

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction over the plaintiff's claims.  FED. R. CIV. P. 12(b)(1).  "At issue . . . is the court's 'very power to hear the case.'"  *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  The party asserting that federal jurisdiction exists in a matter bears the burden of proving the existence of such subject matter jurisdiction.  *See Brown v. Tucci*, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

In reviewing a Rule 12(b)(1) motion, a court must determine whether the attack on its jurisdiction is facial or factual.  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).  A facial attack challenges the court's jurisdiction without disputing the facts averred in the complaint, and it requires the court to treat those averments as true.  *Id.*  In contrast, a factual attack contests the factual allegations underlying the assertion of jurisdiction, either through the filing of an answer or the presentation of competing facts.  *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

Here, the Government has made a facial attack on subject matter jurisdiction.  In its motion to dismiss, the Government does not dispute the facts averred in the complaint, but

it instead argues that Plaintiff cannot sue it for recovery of taxes because Plaintiff did not previously file a claim with the IRS for a tax refund within the applicable statutory period. (ECF No. 6 at 7) (citing 26 U.S.C. §§ 6511(a), 7422(a)). Absent exhaustion of this administrative remedy, the Government retains its sovereign immunity to Plaintiff's action against it. *See Phila. Marine Trade Ass'n–Int'l Longshoremen's Ass'n Pension Fund v. Comm'r*, 523 F.3d 140, 146 (3d Cir. 2008) (holding that 26 U.S.C. § 7422(a)'s administrative exhaustion requirement "is a prerequisite to federal jurisdiction" due to 28 U.S.C. § 1346(a)(1)'s limited waiver of sovereign immunity).

III.   DISCUSSION

Plaintiff asserts two claims in his complaint: one against Agent Mikula, and the other against the Government. Although Plaintiff does not specify the legal authority under which he brings his claims against these defendants, he is a pro se litigant and the Court must therefore construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's claim against Agent Mikula is susceptible to construction either as a claim for damages under the FTCA or as a claim seeking a tax refund under 26 U.S.C. § 7422. However, as explained below, the Court will construe this claim as an FTCA claim. As for Plaintiff's claim against the Government, the Court finds it difficult to construe it as anything other than a Section 7422 tax refund claim, and it will therefore construe that claim as such.

As explained below, the Court lacks subject matter jurisdiction to hear either of these claims and must therefore dismiss both under Federal Rule of Civil Procedure 12(b)(1).

### a.   FTCA Claim Against Agent Mikula

In his complaint, Plaintiff seeks from Agent Mikula "a minimum amount of $12,000 plus costs[.]"  (ECF No. 1-1).  The complaint does not make clear whether Plaintiff asserts his 26 U.S.C. § 7422 tax refund against both Agent Mikula and the Government, or whether Plaintiff is asserting a separate claim against Agent Mikula for damages under the FTCA. Because the $12,000 figure appears unrelated to the sum that Plaintiff is seeking as a refund from the Government, the Court will construe Plaintiff's claim against Agent Mikula as an FTCA claim.

Having construed this claim as such, the Court must dismiss it under Rule 12(b)(1) because the Government's sovereign immunity deprives the Court of the power to adjudicate this claim.  As previously noted, the Court substituted the Government for Agent Mikula as to any FTCA claim brought against her in her official capacity.  (ECF No. 7).  Because the FTCA expressly maintains sovereign immunity for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty[,]" 28 U.S.C. § 2680(c), this substitution deprived the Court of subject matter jurisdiction over any FTCA claims that Plaintiff may have brought.[4]

---

[4] The Court notes that Plaintiff would have fared no better had it instead construed his claim against Agent Mikula as arising under 26 U.S.C. § 7422.  Plaintiff would have failed to plead such a claim because a Section 7422 claim can be maintained "only against the United States and not against any officer or employee of the United States."  26 U.S.C. § 7422(f)(1).  Because Agent Mikula is an

### b. Section 7422 Claim Against the Government

In his complaint, Plaintiff seeks from the Government a refund of payments made during tax years 2010 and 2011. (ECF No. 1-1 at 3). Because 26 U.S.C. § 7422 and its related provisions "have been found to exclusively govern tax refund actions," *Chalfin v. St. Joseph's Healthcare Sys.*, No. 2:14-CV-1883, 2014 WL 5512286, at *1 (D.N.J. Oct. 31, 2014), Plaintiff's claim against the Government is most reasonably construed as a tax refund action governed by this statutory section.

Based on this construction, the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's Section 7422 tax refund claim because Plaintiff has not exhausted his administrative remedies. To recover from the Government by means of a refund for taxes paid, an individual must file for a tax refund under 26 U.S.C. § 7422. *Umland v. PLANCO Fin.*, 542 F.3d 59, 68–69 (3d Cir. 2008). That statutory section provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). In other words, before a taxpayer "seeking a refund of taxes erroneously or unlawfully assessed or collected" can bring an action against the Government, he "must comply with the tax refund scheme established in the Code." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). As previously noted, compliance

---

employee of the United States, the Court would have dismissed a Section 7422 claim against her under Rule 12(b)(6).

with Section 7422(a) is a jurisdictional prerequisite to bringing a tax refund action.  *See C.I.R. v. Lundy*, 516 U.S. 235, 240 (1996).

Plaintiff's only relevant argument is that the question of subject matter jurisdiction is "moot" because he "has never filed any 'subject matter' in this court related to defendants' attorney claims."  (ECF No. 8 at 1).  Understood charitably, Plaintiff raises a reasonable question: can the Government remove his action to this Court based on the federal question raised therein, only to then argue that this Court lacks the power to adjudicate that action?  Indeed, it can.  *See Huberty v. U.S. Ambassador to Costa Rica*, 316 F. App'x 120, 121 (3d Cir. 2008) (affirming post-removal 12(b)(1) dismissal for failure to meet jurisdictional requirement).  As another district court in the Third Circuit noted under circumstances similar to those in this case:

> It may seem contradictory to first hold that a case is removable because it arises under federal law and then grant a motion to dismiss for lack of subject-matter jurisdiction; however the two actions are reconcilable. Plaintiffs have brought a tax refund action, which exclusively arises under federal law and is therefore removable under 28 U.S.C. § 1331. While Plaintiffs have asserted a federal claim subject to removal, they have failed to meet other jurisdictional prerequisites for proceeding with their claim in federal court.

*Chaflin*, 2014 WL 5512286, at *2 n.1.  Here, as in *Chaflin*, it was proper for the Government to seek dismissal based on the Court's lack of subject matter jurisdiction, even though the Government's removal of this action to this Court was initially proper.

Plaintiff neither asserts that he had exhausted his administrative remedies before initiating this action nor provides evidence of such exhaustion.  (*See* ECF No. 8).  Because the Court finds that Plaintiff has failed to carry his burden of proving that subject matter

jurisdiction exists here, *see Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), it will grant the Government's motion to dismiss under Rule 12(b)(1).

Lastly, the Court will dismiss Plaintiff's complaint without prejudice because the record contains insufficient information to support a dismissal with prejudice. Section 7422(a) claims can be submitted to the IRS for administrative review no later than "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a). Because the record does not reflect the date on which Plaintiff filed his tax returns for 2010 and 2011, or the date on which Plaintiff paid taxes for those years, the Court cannot presently determine whether Plaintiff is foreclosed from exhausting administrative remedies. Nevertheless, because Plaintiff could only refile after exhausting those remedies, the Court will order this case closed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY A. MASCIANTONIO, | ) | Case No. 3:21-cv-176 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

AND NOW, this 31st day of March, 2023, upon consideration of the Government's Motion to Dismiss, (ECF No. 5), **IT IS HEREBY ORDERED** that this motion is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff's complaint, (ECF No. 1-1), is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

BY THE COURT:

_____
**KIM R. GIBSON
UNITED STATES DISTRICT JUDGE**